IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Petitioner,               No. CIV S-03-1982 LKK KJM P

    vs.

C.T. RANSDELL, Warden,        ORDER AND

    Respondent.            FINDINGS AND RECOMMENDATIONS

                            /

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a disciplinary finding and the subsequent loss of good time credit that occurred in 2002. During the pendency of this action, petitioner was released on parole. See Docket No. 14. This court's records in another case, however, show that he has been returned to prison on a parole violation. See Jayne v. Director, CDC, Civ. No. S-06-0823 DFL DAD P (see, e.g., docket no. 18).[1]

          Before this court may proceed, it must determine whether the issues raised in the instant petition present an actual "case or controversy" upon which it may grant relief. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Jackson v. California Dept. of Mental Health, 399 F.3d 1069,

---

[1] The court may take judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

1

1071 (9th Cir.), <u>amended on denial of rehearing by</u> <u>Jackson v. California Dept. of Mental Health</u>, 417 F.3d 1029 (9th Cir. 2005). As the Supreme Court observed:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained.

<u>Spencer</u>, 523 U.S. at 7; <u>see also</u> <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968) (a claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted).

  The Ninth Circuit has considered the requirement of a live case or controversy in <u>Burnett v. Lampert</u>, 432 F.3d 996 (9th Cir. 2005). While he was still in custody, Burnett filed a habeas petition challenging a delay in parole. During the pendency of the case, Burnett was paroled and then reincarcerated as the result of a parole violation. <u>Id</u>. at 999. As the Ninth Circuit recognized, even though Burnett's original incarceration and his reimprisonment flowed from his underlying conviction, "the two periods of time are not fungible." It concluded that "'the actual injury traceable to the [State of Oregon]' for which Burnett seeks relief cannot be 'redressed by a favorable . . . decision' of the court issuing a writ of habeas corpus." <u>Id</u>. at 1000-01. See also <u>Wilson v. Terhune</u>, 319 F.3d 477, 481 (9th Cir.), <u>cert. denied sub nom</u>. <u>Wilson v. Alameida</u>, 539 U.S. 933 (2003) (no presumption of collateral consequences that would defeat finding of mootness in challenge to prison disciplinary proceeding).

  In California, "a period of parole, which is mandatory from the offender's perspective, is *not* part of the offender's prison term; it follows the prison term, which ends on the day of release on parole." <u>People v. Guzman</u>, 35 Cal.4th 577, 590, <u>cert</u>. <u>denied</u>, ___ U.S. ___, 126 S.Ct. 144 (2005) (emphasis in original). As in <u>Burnett</u>, the disciplinary finding that petitioner here alleges was flawed is related to a sentence that has expired. Accordingly, the action is moot.

1    IT IS HEREBY ORDERED that the Clerk of the Court serve a copy of these
findings and recommendations on petitioner at the address on file and at the following address:
Michael Aaron Jayne, T-22594, P.O. Box 5242, Corcoran, CA 93212.

   IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
jayn1982.157